IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LYNCH | : | CIVIL ACTION |
| v. | : | |
| CHARLES RAMSEY, ET AL. | : | NO. 10-3436 |

**MEMORANDUM**

Padova, J.                                                                                                November 4, 2010

Plaintiff Anthony Lynch commenced this civil rights action against Charles Ramsey, Police Commissioner for the City of Philadelphia; John Gaittens, Deputy Commissioner; John Gallagher, Philadelphia Police Captain; Joseph O'Donnell, Philadelphia Police Captain; Robert Snyder, Internal Affairs Inspector; Chester O'Neill, Internal Affairs Sergeant; and Joseph Gossner, Internal Affairs Sergeant, in connection with his suspension and termination as a Philadelphia Police Officer. Presently before the Court is Defendants' Partial Motion to Dismiss and Motion for a More Definite Statement. For the reasons that follow, the Motion to Dismiss is granted in part and denied in part, and the Motion for a More Definite Statement is granted.

**I.       BACKGROUND**

The Complaint alleges the following facts. Plaintiff, an African-American man, was hired as a Philadelphia Police Officer in September 1989, and a Labor Collective Bargaining Agreement generally governed the terms of his employment. (Compl. ¶¶ 7, 15.) According to the Agreement, he could be terminated only if, after due process of law, there existed good cause. (Id. ¶ 7.) For approximately sixteen years, Plaintiff had no record of disciplinary infractions and passed each of several Police Department drug tests. (Id. ¶ 9.)

On August 27, 2008, Plaintiff was suspended without pay by Police Commissioner Ramsey. (Id. ¶ 10.) On September 6, 2008, Plaintiff was terminated. (Id. ¶¶ 11, 17.) In addition to firing Plaintiff, Ramsey and Deputy Commissioner Gaittens also opposed Plaintiff's efforts to obtain unemployment benefits. (Id. ¶ 21.) Plaintiff initiated arbitration pursuant to the Collective Bargaining Agreement. (Id. ¶ 13.) On December 1, 2009, the arbitration panel reversed and vacated Plaintiff's suspension and termination, and awarded Plaintiff back pay. (Id. ¶ 13.) On January 20, 2010, Ramsey and Gaittens suspended Plaintiff again. (Id. ¶ 14.)

The Complaint alleges that Plaintiff's 2008 suspension and termination, and his 2010 suspension, were based upon his race and his exercise of certain constitutionally protected activities. The Complaint lists three constitutionally protected activities which form the basis of Plaintiff's retaliation claims with respect to both his 2008 suspension and termination and his 2010 suspension: (1) Plaintiff's ownership of a handgun and two shotguns, which is protected by the Second Amendment; (2) Plaintiff's raising two children in a home with firearms, which is protected by the Fourteenth Amendment; and (3) Plaintiff's reporting the burglary of his home, which involved the theft of one of his firearms, which is protected by the First Amendment. (Id. ¶¶ 15, 19). The Complaint also alleges that Plaintiff's 2010 suspension was based on Plaintiff's grieving his 2008 suspension and termination, which is protected by the First Amendment. (Id. ¶ 17.)

The Complaint further alleges that Plaintiff's home and car were unreasonably searched, in violation of the Fourth Amendment and that two shotguns were unreasonably seized during this search. (Id. ¶¶ 19, 20.) Several Internal Affairs Officers participated in the search, including Sergeant O'Neill. (Id. ¶ 23.) The shotguns were seized by Detective Small, whose superiors were Captain Gallagher, Captain O'Donnell, and Internal Affairs Inspector Snyder. (Id. ¶¶ 4, 23.)

2

Plaintiff also was subjected to unreasonable searches and seizures of his person, specifically a "compelled" drug test and an "unwilling" psychological evaluation, in violation of the Fourth Amendment. (Id. ¶¶ 19, 20.) The Complaint further alleges that on one occasion, 18th District supervisors ordered Plaintiff to leave work, falsely claiming that he had been fired. (Id. ¶ 23.)

The Complaint asserts two causes of action. Count I asserts a claim for violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 against all Defendants. Specifically, Count I alleges that Defendants violated Plaintiff's right to free speech and petition under the First Amendment. Count I also alleges that Defendants violated Plaintiff's First Amendment right to "self-preservation." Count I further alleges that Defendants violated Plaintiff's right to own firearms guaranteed by the Second Amendment. Count I also alleges that Defendants subjected Plaintiff to unreasonable searches and seizures in violation of the Fourth Amendment. Count I further alleges that Defendants interfered with Plaintiff's right to raise his children in a home with firearms, as protected by the Fourteenth Amendment. (Id. ¶ 19.) Count II asserts a Monell claim against Ramsey and Gaittens.

Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claim for the alleged violation of his First Amendment right to "self-preservation," his claim for the alleged violation of his Fourteenth Amendment right to due process, and his claims against Gallagher, O'Donnell, and Snyder. Defendants also have moved, pursuant to Federal Rule of Civil Procedure 12(e), for a more definite statement with respect to the dates of the search of Plaintiff's person, home and car; the seizure of Plaintiff's firearms; the drug test; the psychological evaluation; and the incident in which supervisors falsely ordered Plaintiff to leave work.

3

## II. LEGAL STANDARD

### A. Motion to Dismiss

When considering a motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 1235-36 (3d ed. 2004)).

B.  Motion for a More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "a defendant may move for a more definite statement '[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" Thomas v. Independence Twp., 463 F.3d 285, 301 (quoting Fed. R. Civ. P. 12(e)). "The Rule 12(e) 'motion shall point out the defects complained of and the details desired.'" Id. (quoting Fed. R. Civ. P. 12(e)). "[T]he district court has broad discretion to utilize th[is] procedure[] in a manner that is useful and equitable to the parties." Id. at 301-02 (citing Crawford-El v. Britton, 523 U.S. 574, 600-01 (1998)). "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." Id. at 301.

## III. DISCUSSION

A.  Motion to Dismiss

Defendants have moved to dismiss Plaintiff's claim for the alleged violation of his First Amendment right to "self-preservation" and his claim for the alleged violation of his Fourteenth Amendment right to due process on the ground that Plaintiff cannot state plausible claims that his rights were violated. Defendants also have moved to dismiss Plaintiff's claims against Gallagher, O'Donnell, and Snyder on the ground that Plaintiff has not alleged they were personally involved in the complained-of conduct.

1.  Plaintiff's First Amendment Right to Self-Preservation

Defendants argue that Plaintiff's claim that Defendants violated his First Amendment right to self-preservation must be dismissed because there is no such right. In Response, Plaintiff explains

5

that his self-preservation claim is actually part of his Second Amendment claim, and arises from the Supreme Court's discussion of the Second Amendment right to self-preservation in <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008). (Pl.'s Mem. at 2-4.) Defendants have not moved to dismiss Plaintiff's Second Amendment claims. However, the parameters of Plaintiff's Second Amendment claims are less than clear, even with this clarification. We conclude that Plaintiff's self-preservation claim, as pled, fails to state a claim upon which relief may be granted and we grant the Motion to Dismiss Plaintiff's self-preservation claim. However, we grant Plaintiff leave to amend his Complaint to more fully explicate his self-preservation claim and to clearly and separately state both his direct Second Amendment claim and his Second Amendment retaliation claim.[1]

2. <u>Plaintiff's Right to Due Process</u>

Defendants assume, based on the Complaint's reference to the Fourteenth Amendment, that Plaintiff has asserted both substantive and procedural due process claims arising out of his 2008 suspension and termination and his 2010 suspension, and they ask us to dismiss these claims. In his Response, Plaintiff adopts Defendants' assumption and responds to their arguments as to these claims. However, the Complaint does not aver that Plaintiff's due process rights were violated in connection with his 2008 suspension and termination or in connection with his 2010 suspension. The Complaint makes only one passing reference to due process, in the context of the seizure of Plaintiff's firearms. (Compl. ¶ 23(a).) Thus, it appears that the Complaint attempts to assert a due process claim only with respect to the seizure of Plaintiff's firearms during the search of his home

---

[1] "[I]n civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007).

6

and car. However, Plaintiff did not mention this claim in his Memorandum, and the Complaint fails to allege sufficient facts to support such a claim. "[I]n order to state a claim for failure to provide sufficient procedural due process, a plaintiff must have taken advantage of the processes that are available to her, unless those processes are unavailable or patently inadequate." Solomon v. Philadelphia Hous. Auth., 143 F. App'x 447, 453 (3d Cir. 2005) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). The Complaint does not allege that Plaintiff took advantage of any process to challenge the seizure of his firearms, that no process was available, or that the available process was patently inadequate. We conclude that the Complaint fails to aver facts sufficient to state a procedural due process claim upon which relief may be granted.

Accordingly, we grant the Motion to Dismiss Plaintiff's Fourteenth Amendment due process claim to the extent this claim arises from the seizure of his firearms. However, if Plaintiff wishes to proceed on such a claim, he may file an amended complaint that clearly states this claim and avers the facts necessary to support it. We deny the Motion to Dismiss Plaintiff's procedural and substantive due process claims arising from his 2008 suspension and termination and his 2010 suspension, as the Complaint does not state such claims. If Plaintiff wishes to assert procedural due process claims arising from his 2008 suspension and termination and his 2010 suspension, he may file an amended complaint that clearly states such claims and avers the facts necessary to support them. However, we deny Plaintiff leave to amend his Complaint to state a substantive due process claim in connection with his 2008 suspension and termination and his 2010 suspension, as the law does not support such a claim.[2]

---

[2]There is no question that Plaintiff had a property right in his employment as a police officer that is protected by the Fourteenth Amendment. See Linan-Faye Constr. Co., Inc. v. House. Auth., 49 F.3d 915, 932 (3d Cir. 1995) (noting that state contract rights "are recognized as property

### 3. Plaintiff's Claims Against Gallagher, O'Donnell, and Snyder

Defendants move to dismiss Plaintiff's claims against Gallagher, O'Donnell, and Snyder on the ground that the Complaint does not allege any facts that could establish that these Defendants were personally involved in any of the complained-of conduct. The Complaint states that Gallagher, O'Donnell, and Snyder had "actual, conferred, or constructive policymaking authority" and that they "failed to supervise their subordinate officers . . . ." (Compl. ¶¶ 4, 23.) The Complaint also states that Gallagher and O'Donnell were present for "some acts," without elaboration. (Id. ¶ 23.) The Complaint further alleges that "Defendant John Gallagher, acted with Ramsey, who acquiesced to or approved and adopted their actions as his own action." (Id. ¶ 22.)

As a general rule, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . ." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

---

protected under the Fourteenth Amendment . . . where 'the contract itself includes a provision that the state entity can terminate the contract only for cause.'" (quoting Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1399 (3d Cir. 1991))). "Moreover, 'under Pennsylvania law, suspensions, like dismissals[,] are proper only for just cause; therefore, [employees have] a separate property interest in not being suspended.'" Solomon, 143 F. App'x at 452 (alterations in original) (quoting Gniotek v. City of Philadelphia, 808 F.2d 241, 243 n.5 (3d Cir. 1986)). However, a property interest in public employment is not a fundamental right protected by the guarantee of substantive due process. See Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 141, 143 (3d Cir. 2000) (stating that "we view public employment as more closely analogous to those state-created property interests that this Court has previously deemed unworthy of substantive due process than to the venerable common-law rights of real property ownership[,]" which are "'fundamental property interest[s] dating back to the foundation of the American colonies'" and worthy of substantive due process protection (footnote omitted) (quoting Homar v. Gilbert, 63 F. Supp. 2d 559, 577 (M.D. Pa. 1999))). The Complaint alleges that Plaintiff's Fourteenth Amendment property right arose by operation of the "good cause" provision in his Collective Bargaining Agreement. (Compl. ¶¶ 7-8.) Accordingly, we conclude that Plaintiff's interest in continued employment is not a fundamental right protected by the guarantee of substantive due process. Consequently, Plaintiff cannot assert a viable claim that his 2008 suspension and termination or his 2010 suspension violated his Fourteenth Amendment right to substantive due process and it would be futile to allow him to amend the Complaint to assert such a claim. See Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001) ("[L]eave to amend need not be granted when amending the complaint would clearly be futile.").

8

omitted). "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence . . . ." Id. (citations omitted).

The United States Court of Appeals for the Third Circuit has set forth the elements of a supervisory liability claim under section 1983 as follows:

> The plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) ("Muhlenberg") (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). "[I]t is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did." Sample, 885 F.2d at 1118.

The Complaint contains no factual averments that would satisfy any of the five elements outlined in Muhlenberg. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are precisely what is stated in the Complaint. We conclude that the Complaint fails to state a claim against Gallagher, O'Donnell, and Snyder upon which relief may be granted and we grant Defendants' Motion to Dismiss Plaintiff's claims against Gallagher, O'Donnell, and Snyder. Gallagher, O'Donnell, and Snyder are dismissed with prejudice as Defendants in this action.[3]

---

[3] Plaintiff has indicated that he is not aware of any other facts that support the personal involvement of Gallagher, O'Donnell, and Snyder in the alleged violation of his civil rights. In

B.  Motion for a More Definite Statement

Defendants ask that we order Plaintiff to provide a more definite statement with respect to the dates of the search of Plaintiff's person, home and car; the drug test; the psychological evaluation; and the incident in which supervisors falsely ordered him to leave work. Defendants believe that this alleged conduct falls outside the statute of limitations.

Federal Rule of Civil Procedure 8(c)(1) requires the defendant to plead the statute of limitations as an affirmative defense in the answer. Fed. R. Civ. P. 8(c)(1). Where, as here, the complaint "provide[s] no specific dates or approximate time periods within which [the complained-of conduct] occurred," the complaint fails to provide the defendant with fair notice of the grounds upon which the claim rests. Evans v. Port Auth., Civ. A. No. 06-3239, 2007 WL 3071808, at *14 (D.N.J. Oct. 18, 2007). "Defendant is not expected to speculate about these details in attempting to formulate a defense." Id. (citing Thomas, 463 F.3d at 301); see also O'Malley v. Wyo. Nat. Bank, 15 F.R.D. 457, 458 (M.D. Pa. 1954) ("Since an averment of time is material, the plaintiffs should have averred when the alleged overcharges were made. The complaint is vague and ambiguous in that respect and in other respects to such an extent that a responsive pleading cannot reasonably be framed. For these reasons the motion for a more definite statement must be granted . . . .").

We find that "[r]equiring Plaintiffs to provide dates will assist Defendants in framing a defense and increase the efficiency with which this Court resolves the dispute between the parties." Evans, 2007 WL 3071808, at *14. Accordingly, we grant Defendants' Motion for a More Definite

---

Plaintiff's Response to the Motion to Dismiss, he simply states that "[i]t has been pled . . . what Gallagher, O'Donnell and Snyder did and did not do, as well as being supervisors." (Pl.'s Resp. at 10.) In light of this indication that Plaintiff has no further evidence, we find that it would be futile to permit Plaintiff to amend his claims against these individuals. See Cowell, 263 F.3d at 296.

Statement, and we instruct Plaintiff to amend his Complaint, within thirty (30) days, to include the following: (1) the specific date, including the month and approximate day, on which O'Neill allegedly participated in a search of Plaintiff's home and the seizure of Plaintiff's firearms; (2) the specific date, including the month and approximate day, on which Gossner allegedly took Plaintiff for a medical and psychological evaluation by City doctors; (3) the specific date, including the month and approximate day, on which Plaintiff's blood and hair were collected for mandatory drug testing; and (4) the specific date, including the month and approximate day, on which 18th District supervisors ordered Plaintiff to leave work, falsely claiming that he had been fired.

## IV. CONCLUSION

For the reasons stated above, we grant Defendants' Partial Motion to Dismiss in part and deny it in part as follows. We grant the Motion as to Plaintiff's self-preservation claim and that claim is dismissed without prejudice. Plaintiff is instructed that, if he seeks to amend his Second Amendment claims, he should fully explicate his self-preservation claim and clearly and separately state both his direct Second Amendment claim and his Second Amendment retaliation claim. We also grant the Motion as to Plaintiff's due process claim arising from the seizure of his firearms and that claim is dismissed without prejudice. We deny the Motion insofar as it seeks dismissal of due process claims arising from Plaintiff's 2008 suspension and termination and 2010 suspension. Plaintiff may file an amended Complaint stating procedural due process claims arising from the seizure of his firearms and from his 2008 suspension and termination and 2010 suspension, but Plaintiff may not amend his Complaint to state a substantive due process claim in connection with his 2008 suspension and termination and 2010 suspension. We grant the Motion to Dismiss Plaintiff's claims against Gallagher, O'Donnell, and Snyder and those claims are dismissed with

11

prejudice. Gallagher, O'Donnell, and Snyder are dismissed as defendants in this action.

We also grant Defendant's Motion for a More Definite Statement. We instruct Plaintiff to amend his Complaint, within thirty (30) days, to include the following: (1) the specific date, including the month and approximate day, on which O'Neill allegedly participated in a search of Plaintiff's home and the seizure of Plaintiff's firearms; (2) the specific date, including the month and approximate day, on which Gossner allegedly took Plaintiff for a medical and psychological evaluation by City doctors; (3) the specific date, including the month and approximate day, on which Plaintiff's blood and hair were collected for mandatory drug testing; and (4) the specific date, including the month and approximate day, on which 18th District supervisors ordered Plaintiff to leave work, falsely claiming that he had been fired.

An appropriate order follows.